The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, Arkansas 71730
Dear Representative Mahony:
This is in response to your request for an opinion, on behalf of the Joint Interim Committee on State Agencies and Governmental Affairs, on the following question:
 Can the Legislature pass a bill or resolution extending a session to deal with a particular matter or matters which have been introduced at that regular session? If so, how much time can lapse between the declaration of the recess and the convening of the extended session?
It is my opinion that the answer to the first part of your question, as phrased, is "yes." The answer to the second part of your question, according to the Arkansas Supreme Court, is going to be a question of fact in each case; but the court has struck down legislation adopted at an extension that was less than one year from the recess of the General Assembly in regular session.
It is clear, in my opinion, that the General Assembly has the authority to extend a regular session beyond the constitutionally set duration of sixty days. Arkansas Constitution, art. 5, § 17
provides that:
 The regular biennial sessions shall not exceed sixty days in duration, unless by a vote of two-thirds of the members elected to each house of said General Assembly.
It has been stated that:
 There is certainly no clear limitation upon the legislative power to extend the session by a two-thirds vote and no clear specification of time beyond which, in the discretion of the General Assembly, exercised by the vote of two-thirds of the members of both houses, the session may not be extended.
Wells v. Purcell, 267 Ark. 456, 464, 592 S.W.2d 100 (1979).
Since the decision in Purcell, the Arkansas Supreme Court has made clear, however, that such extension should be for the purpose of finishing legislative business arising during the regular session ("passing on legislation"), and not for the purpose of introducing new legislation. Wells v. Riviere,269 Ark. 156, 599 S.W.2d 375 (1980).
It has also been made clear that whether such an extension of the regular session is lawful is a question of fact. The Arkansas Supreme Court stated in Wells, supra, as follows:
 . . . there is no doubt, that by two-thirds vote of the members of the General Assembly, a regular session can be lawfully extended beyond the sixty days of a regular session. Ark. CONST. art 5, § 17. It is a question of fact as to whether such an act is lawful. [Emphasis added.]
269 Ark. at 164-165.
In the Wells cases, at issue was an extension of the regular session of 1979 until the second Monday in January 1981, which was the date the regular session of 1981 was to begin. Action was taken on the legislation at issue in the interim, in January of 1980. The court stated that:
 A fair reading of the Constitution cannot mean that the General Assembly can legally extend a session indefinitely for no valid legislative purpose nor indefinitely go into a recess so that it may later reconvene itself and conduct its business as though it were in a regular session. . . . There is no doubt that the General Assembly sees its duty in these modern times as requiring it to be available at all times to handle the business of this state. But that belief cannot be realized by circumvention of Arkansas' 1874 Constitution.
269 Ark. at 164-165.
The court made it clear, however, that the constitutionality of a particular extension will be a question of fact, and that the purpose of the extension should be to finish business arising during the regular session. The court stated:
 We do not mean to unduly limit the authority of the General Assembly to go into recess, adjourn or reconvene as it is necessary to finish its business. That authority is clear. And essentially the General Assembly decides — not we — whether it has finished its business and whether an extension of the regular session is required. But even a conceded power can be exercised in an unconstitutional manner.
269 Ark. at 167.
Since the adoption of the Wells decision, the Arkansas Supreme Court again struck down legislation adopted not quite a year after the "recess" of the regular session. In Ricarte v. State,290 Ark. 100, 717 S.W.2d 488 (1986), the Arkansas Supreme Court, with very little discussion, and citing Wells v. Riviere,supra, struck down the Uniform Rules of Evidence as being adopted at an invalid session of the legislature, stating: "That practice of continuing the legislature in session after its regular 60-day session has ended is not permitted by the Arkansas Constitution." The rules in question were adopted in January 1976, less than one year after the 1975 legislative session had ended.
The question of how much time can lawfully transpire between a "recess" and the convening of the extension will thus be a question of fact. The cases above, however, should be helpful on the question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh